IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02458-BNB

PAUL EDWARD SCHMALTZ,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
EXECUTIVE DIRECTOR ARISTEDES ZAVAROS, et al.,
BUENA VISTA CORRECTIONAL COMPLEX,
MEDICAL ADMINISTRATOR DOUG ROBERTS, et al.,
MEDICAL DOCTOR SCOTT McLAUGHLIN, et al., and
WARDEN, BVCF, MARK BROADDUS, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC - 3 2007

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Paul Edward Schmaltz, has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The court must construe the complaint liberally because Mr. Schmaltz is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Schmaltz will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Schmaltz and finds that it is deficient. First, it is not clear who all of the Defendants in this action are. Mr. Schmaltz lists six Defendants in the caption of the complaint. He also uses "et al." in the caption of the complaint, so it is not clear whether he intends to sue any other Defendants. Mr. Schmaltz is advised that, pursuant to Rule 10(a) of the Federal Rules of Civil

Procedure, "[i]n the complaint the title of the action shall include the names of all the parties."

Furthermore, even assuming Mr. Schmaltz has listed all of the Defendants in the caption of the complaint, it still is not clear who he intends to sue because only four Defendants are listed in Section A of the complaint, the section that describes the parties to the action. It also is not clear that the Defendant identified in the caption as the "Buena Vista Correctional Complex" is a person subject to suit in this § 1983 action. Mr. Schmaltz is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Schmaltz should name as Defendants the persons he believes actually violated his constitutional rights.

The court also finds that the complaint is deficient because Mr. Schmaltz fails to allege facts to demonstrate that each of the named Defendants personally participated in the asserted constitutional violation. Mr. Schmaltz does not mention any of the Defendants in connection with the claim or claims he is asserting.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Schmaltz must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on

a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Schmaltz will be directed to file an amended complaint that clarifies who he is suing and in which he alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violation. In order for Mr. Schmaltz to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Schmaltz is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Schmaltz file **within thirty (30) days from the date of this order** an original and sufficient copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Schmaltz, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Schmaltz fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED December 3, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02458-BNB

Paul Edward Schmaltz
Prisoner No. 134252
2500 Arapahoe Street
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individual on 12/3/07

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk