IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02458-LTB-MEH

PAUL EDWARD SCHMALTZ,

    Plaintiff,

v.

BONNIE ROESINK, District Attorney, County of Grand, State of Colorado,
ARISTEDES ZAVAROS, Executive Director, Colorado Department of Corrections,
SCOTT MCLAUGHLIN, Medical Doctor, Buena Vista Correctional Facility,

    Defendants.

---

## RECOMMENDATION ON PENDING DISPOSITIVE MOTIONS

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is a Motion to Dismiss filed by Defendants Zavaros and McLaughlin [docket #26], a Motion for Summary Judgment filed by Defendant Roesink [docket #30], and Plaintiff's Amended Motion for Summary Judgment [docket #38]. By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b).[1] The

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d

matters are fully briefed, and oral argument would not assist the Court in adjudicating these matters. For the reasons set forth herein, this Court recommends that the District Court **grant** Defendants' Motion to Dismiss and Motion for Summary Judgment, and **deny** Plaintiff's Amended Motion for Summary Judgment.

## BACKGROUND

Plaintiff is a former inmate of the Colorado Department of Corrections ("CDOC"), who was released in October 2007. This action arises from Plaintiff's 2006 arrest, conviction, and incarceration at the CDOC facilities.

On September 13, 2004, Plaintiff was sentenced to two years' unsupervised probation for Obstructing Government Operations (class 3 misdemeanor) and four years' deferred judgment for Offering a False Instrument for Recording (class 5 felony) after a conviction relating to his attempts to repeatedly to file a false instrument for recording in Grand County, Colorado in 2002. Doc. #31-3 at 3. As part of this sentencing, a restraining order was entered by which Plaintiff was restricted from further contact with certain Grand County officials. Doc. #5 at 3; *see also* doc. #31-5. However, on or about April 17, 2006, the Grand County Sheriff received correspondence from Plaintiff, which included invoices dated March 6, 2006 and a document titled "Actual notice of fault, default and default judgment" dated March 17, 2006. Doc. #31-3 at 3. Thereafter, a Deputy District Attorney for the Fourteenth Judicial District filed a motion to revoke deferred judgment, alleging a violation of the restraining order. Doc. #5 at 3; *see also* doc. #31-4. Plaintiff was arrested on August 18, 2006 in Montana and brought to Grand County, where he was found in violation of the Deferred Judgment and Sentence on October 25, 2006.

---

1159, 1164 (10th Cir. 1986).

Doc. #31-5. On December 5, 2006, Plaintiff was sentenced to eighteen months incarceration with two years mandatory parole. Doc. #5 at 12. He was released from incarceration on October 23, 2007. *Id.* at 19.

On November 26, 2007, Plaintiff initiated this lawsuit, and upon the order of Magistrate Judge Boland, filed the operative Amended Complaint on December 17, 2007. *See* doc. #5. Plaintiff brings two claims: (1) violations of numerous constitutional amendments and criminal statutes against Defendant Roesink in connection with his 2006 arrest, conviction, and sentence; and (2) violations of the "Montez Remedial Agreement," certain sections of a Colorado statute and various constitutional amendments against Defendant Zavaros and McLaughlin related to his placement in, and transfers among, CDOC facilities during his incarceration. *Id.*

## DISCUSSION

Here, in response to Plaintiff's Amended Complaint, Defendants Zavaros and McLaughlin filed a motion to dismiss arguing that Plaintiff has failed to state a claim upon which relief may be granted. Defendant Roesink, however, filed a motion for summary judgment arguing there exist no genuine issues of material fact for determination by a fact-finder in this matter and attaching an affidavit and exhibits in support of her argument. In addition, Plaintiff filed an amended motion for summary judgment arguing that he is entitled to judgment pursuant to the "Savings to Suitors" rule. The Court will address each motion in turn.

I.  **Motion to Dismiss**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Bell*

3

*Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth Circuit has explained that "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Because Plaintiff is proceeding *pro se,* I must construe his Amended Complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). In this case, Plaintiff alleges claims against Defendants Zavaros and McLaughlin for violations of the First, Fourth, Fifth, Sixth and Eighth Amendments[2] of the U.S. Constitution, as well as for violations of the "Montez Remedial Agreement" and Colorado Revised Statute §§ 16-11-308(3) and (5), in connection with the conditions of his confinement at the CDOC facilities. Doc. #5 at 18.

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Doc. #5

---

[2] Although Plaintiff states in summary fashion that he has claims under the Fourth and Sixth Amendments, he alleges no facts whatsoever in support of those claims.

at 2. The latter statute, typically referred to simply as Section 1983, confers a private federal right of action for damages against state actors who deprive individuals of rights, privileges, or immunities secured by the Constitution and laws of the United States. *Monroe v. Pape*, 365 U.S. 167 (1961); *see also Maine v. Thiboutot*, 448 U.S. 1 (1980). Thus, to state a claim for relief in an action brought under Section 1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The "under color of state law" element of Section 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948)).

    A.    <u>Were Defendants Acting under Color of State Law?</u>

Here, while Plaintiff asserts jurisdiction under Section 1983, he also argues that Defendants did not act under color of state law (*see* doc. #5 at 2) and are "actually employees of a private, for profit corporation traded on Dun and Bradstreet, Colorado Department of Corrections." Doc. #35 at 2. As Plaintiff acknowledges that Defendant Zavaros is the Executive Director at the Colorado Department of Corrections CDOC and Defendant McLaughlin is a physician at the Buena Vista Correctional Facility, such argument is without merit. *See id.* The CDOC is a state agency which was created pursuant to Colo. Rev. Stat. §§ 24-1-128.5 and 17-1-101, *et seq*. Importantly, Plaintiff asserts claims against Defendants acting within their capacities as employees of the State of Colorado. Therefore, although Plaintiff has failed to plead jurisdiction properly in this matter, construing his Amended Complaint liberally, I recommend that the District Court find Defendants are state actors pursuant to 42 U.S.C. §

5

1983.³

> B. <u>Was Plaintiff Deprived of a Right Secured by the U.S. Constitution or Laws?</u>

In addition to alleged violations of numerous amendments to the U.S. Constitution, Plaintiff brings claims for Defendants' alleged violations of the "Montez Remedial Agreement" and Colo. Rev. Stat. §§ 16-11-308(3) and (5). However, rights protected under Section 1983 must arise from the Constitution or from federal statutes or other operative law. *See Trujillo v. Williams*, 465 F.3d 1210, 1214 n.2 (10th Cir. 2006) (citing *Adickes v. S. H. Kress & Co.* 398 U.S. 144, 150 (1970)). Therefore, Plaintiff may not seek recovery for violations of contracts or state laws under Section 1983. Moreover, the "Montez Remedial Agreement" is a settlement agreement reached in an ongoing class action before Chief Judge Nottingham, *Montez v. Owens*, Civil Action No. 92-cv-00870-EWN-MEH. To the extent Plaintiff is authorized to do so, he must seek recovery pursuant to that agreement through the civil action under which it is drawn. Consequently, this Court recommends that the District Court grant the Motion to Dismiss with respect to Plaintiff's claims under the "Montez Remedial Agreement" and Colo. Rev. Stat. §§ 16-11-308(3) and (5).

With respect to Plaintiff's claims of constitutional violations, a cause of action under Section 1983 may be brought only against "persons" in their individual capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). As employees of a state agency, Defendants are immune from a suit for damages brought against them under Section 1983 in their official capacities. *See Griess v. State of Colorado,* 841 F.2d 1042, 1044 (10th Cir. 1988).

---

³Notably, none of the Defendants argue they are *not* state actors pursuant to Section 1983.

Thus, the Court recommends that the District Court deny any claims by Plaintiff for monetary damages against Defendants in their official capacities.

To the extent Plaintiff seeks recovery against the Defendants in their individual capacities, Defendants have raised the defense of qualified immunity. "In an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004) (quoting *Murrell v. Sch. Dist. No. 1,* 186 F.3d 1238, 1251 (10th Cir.1999)). As a result, "qualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset." *Adkins v. Rodriguez,* 59 F.3d 1034, 1036 (10th Cir. 1995).

To determine whether a plaintiff can overcome a qualified immunity defense, courts decide (1) whether the plaintiff has asserted a violation of a constitutional or statutory right, and (2) whether that right was clearly established such that a reasonable person in the defendant's position would have known that his conduct violated that right. *Maestas v. Lujan*, 351 F.3d 1001, 1006-07 (10th Cir. 2003). Only if the court determines first that the plaintiff has asserted a constitutional violation will the court next proceed to determine whether the law was clearly established. *Id.* at 1007 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

1. First and Fifth Amendment Claims

In his "Supporting Fact Ten," Plaintiff asserts that by "not answering grievances nor granting special needs parole," Defendants violated his First Amendment right to access the

7

courts and his Fifth Amendment rights to due process and protection from double jeopardy.[4] *See*

doc. #5 at 22. In considering the legal sufficiency of a complaint, the burden remains with the

plaintiff to assert facts sufficient to support a claim, but the court accepts as true all well-pleaded

facts and construes all reasonable allegations in the light most favorable to the plaintiff;

nevertheless, courts are "not bound by conclusory allegations, unwarranted inferences or legal

conclusions." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Here, Plaintiff asserts

no facts to support his contentions that Defendants supposedly failed to answer his grievances

and allegedly denied him a "right" to "special needs parole." *See Wise v. Bravo,* 666 F.2d 1328,

1333 (10th Cir. 1981) ("Constitutional rights allegedly invaded, warranting an award of

damages, must be specifically identified. Conclusory allegations will not suffice.") (citing *Brice

v. Day,* 604 F.2d 664 (10th Cir. 1979)).

     In such instance, the preferred practice is to accord a plaintiff notice and an opportunity

to amend his complaint before acting upon a motion to dismiss for failure to state a claim. *See

McKinney v. State of Oklahoma Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).

Thus, this Court recommends that the District Court grant Plaintiff leave to amend his Amended

Complaint to state facts in support of his conclusory allegations on his First and Fifth

Amendment claims.

---

[4]Plaintiff also asserts violations of 18 U.S.C. §§ 1581 and 1584. However, to the extent Plaintiff purports to raise claims under these and other criminal statutes, none of them provide him a private cause of action. *See Clements v. Chapman,* 2006 WL 1739826, *3 (10th Cir. June 27, 2006) ("[N]one of the federal criminal statutes cited ... provide for a private cause of action.") (unpublished opinion) (citing *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law)).

2. Eighth Amendment

In his "Supporting Fact One" through "Supporting Fact Nine," Plaintiff alleges that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment with respect to his placement and transfers among different facilities within the CDOC for the period December 2006 through September 2007. *See* doc. #5 at 18-22. Plaintiff's specific allegations are summarized in his "Supporting Fact Seven": ". . . with only 4 [security] points, Plaintiff should have been sent initially to a minimum facility and had all of his diabetic needs met at that facility including exercise time outside, [and] 3 times a day BG checks and insulin injections." *Id.* at 21. Plaintiff claims that (1) as a level I security inmate, he should not have been initially placed at the Buena Vista Correctional Facility ("BVCF"), a level III security facility, where he stayed for six weeks; (2) after being transferred to a level II security facility, Plaintiff should not have been moved back to BVCF for a one-week stay for the adjustment of his insulin dosage in May 2007 and for a six-week stay for adjustment of his insulin dosage and medical observation in July/August 2007 on the orders of Defendant McLaughlin; (3) at the BVCF facility, Plaintiff was in 23-hour lockdown with one hour per week for gym time for four weeks, which allegedly was detrimental to his health as a diabetic; and (4) because his kidney transplant was successful and functioned well, he needed no special accommodations and should not have been placed or moved to facilities for medical reasons. *Id.* at 18-22.

Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety. *Barney v. Pulsipher*, 143 F.3d 1299, 1310-11 (10th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 832-33(1994)). In order to

hold prison officials liable for violating an inmate's right to humane conditions of confinement, two requirements must be met. First, the deprivation alleged must be objectively "sufficiently serious," depriving the inmate of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). Second, the official must have a "sufficiently culpable state of mind," which in this context means the official must exhibit "deliberate indifference" to a substantial risk of serious harm to an inmate. *Farmer,* 511 U.S. at 834; *Wilson,* 501 U.S. at 297.

Here, the only conditions of confinement about which Plaintiff complains is the four-week period at the BVCF during which he was under 23-hour lockdown and received only one hour of exercise per week. While Plaintiff complains that such lack of exercise was "detrimental to a diabetic who has been exercising on a regular basis"(*see* doc. 5 at 19), he does not explain how he was injured or how he was "deprived of the minimal civilized measure of life's necessities." At the same time, Plaintiff complains that he was "subject to physical violence, intimidation and mental stress and duress" while at the BVCF. *Id.* at 3. However, without more, such conclusory allegations do not demonstrate how Plaintiff has suffered an Eighth Amendment violation.

Likewise, to the extent Plaintiff complains that his placement in and movement among various CDOC facilities amounted to cruel and unusual punishment, he alleges no facts as to how or whether he was injured as a result of the placement and transfers and fails to show how any deprivation he suffered was objectively serious. In fact, Plaintiff contends that his new kidney was functioning normally, that he maintained a stable blood pressure and a normal EKG, and that "all of Plaintiff's health parameters were normal" during the time he was incarcerated.

Doc. #5 at 21. Plaintiff admits that the transfers were effected to meet his needs as a diabetic. *Id.* There is no indication that his medical or other basic needs were unmet.

Moreover, Plaintiff has no protected interest in his actual placement or transfers among the CDOC facilities. *See Meachum v. Fano*, 427 U.S. 215, 228 (1976) (prison officials have the discretion to place and transfer prisoners for any number of reasons). With these allegations, Plaintiff cannot show that he suffered a sufficiently serious deprivation necessary to state an Eighth Amendment claim. Therefore, this Court recommends that the District Court grant the Motion to Dismiss with respect to Plaintiff's claims under the Eighth Amendment to the U.S. Constitution.

## II. Roesink Motion for Summary Judgment

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of*

*Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

Again, because Plaintiff is proceeding *pro se,* I must construe his pleadings liberally, holding them to less stringent standards than formal pleadings drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Here, Plaintiff alleges that Defendant Bonnie Roesink, District Attorney for the Fourteenth Judicial District, violated the First, Fourth, Fifth, Sixth and Eighth Amendments of the Constitution, as well as various criminal statutes and "barratry" in connection with his 2006 arrest, conviction and sentence. Doc. #5 at 5-18. As with Defendants Zavaros and McLaughlin, Plaintiff's claims against Defendant Roesink are brought pursuant to 42 U.S.C. § 1983. *Id.* at 2.

A. Was Defendant Roesink Acting Under Color of State Law?

In his response to the Motion for Summary Judgment, Plaintiff again asserts that Defendant Roesink is "posing as a state official and is actually an officer of a private, for profit corporation traded on Dun and Bradstreet." Doc. #39 at 2. For the same reasons stated in this Recommendation regarding Defendants Zavaros and McLaughlin, the Court recommends that the District Court find Defendant Roesink is a state actor pursuant to 42 U.S.C. § 1983 for purposes of Plaintiff's Amended Complaint.

B. Did Defendant Deprive Plaintiff of a Right Secured by the Constitution or Laws?

In addition to alleging violations of various constitutional amendments, Plaintiff contends that Defendant committed the offense of "barratry." As stated herein, rights protected under Section 1983 must arise from the United States Constitution or from federal law. *See Trujillo v. Williams*, 465 F.3d 1210, 1214 n.2 (10th Cir. 2006) (citing *Adickes v. S. H. Kress & Co.* 398 U.S. 144, 150 (1970)). Plaintiff describes no constitutional amendment nor federal statute (and the Court has found none) providing a right to be free from barratry. Therefore, the Court recommends granting Roesink's Motion for Summary Judgment with respect to Plaintiff's claims under "barratry."

Furthermore, the Plaintiff purports to raise claims under several criminal statutes, none of which provide for a private cause of action. *See supra* Note 4; *see also Henry v. Albuquerque Police Department,* 49 Fed. Appx. 272, 273 (10th Cir. 2002) (noting that § 241 and § 242 of Title 18 are criminal statutes and do not authorize a private right of action) (unpublished opinion) (citing *Newcomb v. Ingle,* 827 F.2d 675, 677 n. 1 (10th Cir. 1987) and *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989)). This Court recommends granting the Motion for

Summary Judgment regarding Plaintiff's claims brought pursuant to 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1581, and 18 U.S.C. § 1584.

With respect to Plaintiff's claims of constitutional violations, a cause of action under Section 1983 may be brought only against "persons" in their individual capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). As an employee of a state agency, Defendant Roesink is immune from a suit for damages brought against her under Section 1983 in her official capacity. *See Griess v. State of Colorado,* 841 F.2d 1042, 1044 (10th Cir. 1988). Thus, the Court recommends that the District Court grant summary judgment for any claims by Plaintiff for monetary damages against Defendant Roesink in her official capacity.

To the extent Plaintiff seeks recovery against the Defendant in her individual capacity, Defendant contends that she had no personal participation whatsoever in Plaintiff's arrest, extradition, conviction and sentencing, but even if she had, she asserts that she is protected by the doctrine of absolute prosecutorial immunity. Doc. #31 at 2.

Officials who are not personally involved in an alleged constitutional violation are not subject to a civil rights claim under a *respondeat superior* theory simply because they hold positions of authority. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor's liability can only be based upon her knowing failure to stop a subordinate's constitutional violation. *Woodward v. City of Worland*, 977 F.2d 1392, 1399-1400 (10th Cir. 1992), *cert. denied*, 590 U.S. 923 (1993). Thus, to recover against a supervisor in a Section 1983 action, the plaintiff must demonstrate that the supervisor participated in the misconduct, personally directed the misconduct, or, with actual knowledge of

14

the misconduct, approved of it, acquiesced in it, or failed to stop it. *Id*. To state a viable claim against a supervisor then, the complaint must allege the supervisor "actually knew of and acquiesced in the behavior." *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995).

Here, Defendant has produced evidence that her subordinates, Deputy District Attorneys James Wheeler and Daniel Edwards, took all prosecutorial actions leading to the arrest, conviction and sentencing of Plaintiff. *See* doc. #31 at 2; *see also* docs. #31-2, #31-4 and #31-5. Plaintiff failed to allege, either in his Amended Complaint or in his response to Roesink's motion, that Defendant Roesink personally participated in, directed, or even knew about Mr. Wheeler's or Mr. Edwards' actions with respect to his arrest, conviction and sentence.

Nevertheless, even if Plaintiff could prove Defendant personally participated in the actions, she is protected by absolute prosecutorial immunity in this matter. Prosecutors enjoy absolute immunity to liability under Section 1983 for actions "within the scope of their prosecutorial duties." *Arnold v. McClain*, 926 F.2d 963, 966 (10th Cir. 1991). That is, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

In response to Defendant's assertion of absolute immunity, Plaintiff merely argues that Roesink cannot be protected by immunity because she is "an employee of a private, for-profit corporation." Doc. #39 at 2. However, Defendant's participation (if any) in the activities of Plaintiff's arrest, extradition, conviction and sentence, which are intimately associated with the judicial phase of the criminal process (*see Imbler*, 424 U.S. at 430), is protected from suit under Section 1983 under the doctrine of absolute immunity. Thus, as Plaintiff has failed to respond to Defendant's motion with specific facts demonstrating a genuine issue for trial, the Court

15

recommends that the District Court grant Defendant's Motion for Summary Judgment with respect to all claims arising from Defendant's prosecutorial actions.

To the extent Plaintiff challenges the sufficiency of the arrest warrant or the validity of his conviction, such challenges are properly brought in a petition for habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement"). Thus, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus." *Id.* at 487. Here, Plaintiff makes no such allegations or offers of proof; thus, he may not seek recovery under Section 1983 for direct challenges to his arrest, conviction and sentence.

## III.    Plaintiff's Amended Motion for Summary Judgment

In his amended Motion for Summary Judgment, Plaintiff simply "invokes Saving to Suitors," asserting that "[d]ue to rule put in this Motion it is time for Summary Judgment in favor of Plaintiff with Relief Granted as stated in Plaintiff's Amended Prisoner Complaint." Doc. 38 at 1-2.

Pursuant to Fed. R. Civ. P. 56(c), "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Thus, the moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *see also Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).

Here, Plaintiff has provided no factual basis for his motion, except to refer to his Amended Complaint. However, as demonstrated herein, Plaintiff fails to show that there is no genuine issue as to any material fact in this case sufficient to proceed to trial. Moreover, invoking the Saving to Suitors clause does not assist the Plaintiff here; the clause applies only to admiralty and maritime actions, and simply allows state courts to entertain, in a limited fashion, *in personam* maritime causes of action. *See* 28 U.S.C. § 1333 (2008); *see also Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222 (1986). Thus, as the Plaintiff has failed to comply with Fed. R. Civ. P. 56(c), the Court recommends that the District Court deny Plaintiff's Amended Motion for Summary Judgment.

## CONCLUSION

Accordingly, this Court **recommends** that the District Court:

(1) grant Defendant Zavaros' and McLaughlin's Motion to Dismiss [filed February 20, 2008; doc #26] as to Plaintiff's claims under the "Montez Remedial Agreement," Colorado Revised Statutes §§ 16-11-308(3) and (5) and the Fourth, Sixth and Eighth Amendments;

(2) grant Plaintiff leave to amend his complaint to state facts in support of his First and Fifth

17

Amendment claims against Defendants Zavaros and McLaughlin;

(3) grant Defendant Roesink's Motion for Summary Judgment [filed March 3, 2008; doc #30] ; and

(4) deny Plaintiff's Amended Motion for Summary Judgment [filed March 13, 2008; doc #38].

Dated at Denver, Colorado this 8th day of May, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge