IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02458-LTB-MEH

PAUL EDWARD SCHMALTZ,

    Plaintiff,

v.

BONNIE ROESINK, District Attorney, County of Grand, State of Colorado,
ARISTEDES ZAVARAS, Executive Director, Colorado Department of Corrections,
SCOTT MCLAUGHLIN, Medical Doctor, Buena Vista Correctional Facility,

    Defendants.

---

## RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to this Court's Order to Show Cause for his failure to comply with the District Court's order granting him leave to amend his Complaint. The Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**BACKGROUND**

On November 26, 2007, Plaintiff initiated this lawsuit, and upon the order of Magistrate Judge Boland, filed the operative Amended Complaint on December 17, 2007. *See* docket #5. Plaintiff brings two claims: (1) violations of numerous constitutional amendments and criminal statutes against Defendant Roesink in connection with his 2006 arrest, conviction, and sentence; and (2) violations of the "Montez Remedial Agreement," certain sections of a Colorado statute and various constitutional amendments against Defendant Zavaros and McLaughlin related to his placement in, and transfers among, CDOC facilities during his incarceration. *Id.*

In response to the Amended Complaint, Defendants Zavaros and McLaughlin filed a Motion to Dismiss [docket #26] and Defendant Roesink filed a Motion for Summary Judgment [docket #30]. This Court recommended that Defendant's motions be granted as to certain claims, and that Plaintiff be granted leave to amend his Amended Complaint to state facts in support of his First and Fifth Amendment claims against Defendant Zavaros and McLaughlin [docket #61]. On May 27, 2008, the District Court accepted the recommendation and granted Plaintiff leave to amend his complaint within 20 days of the date of the Order [docket #67].

Plaintiff appealed the Order, and on August 1, 2008, the Tenth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. Thereafter, Plaintiff filed a pleading that was construed as a motion for reconsideration, and the Tenth Circuit denied the motion on August 15, 2008. Plaintiff has not since complied with the May 27, 2008 Order granting leave to amend his Complaint.

On November 19, 2008, this Court issued an Order to Show Cause for Plaintiff's failure to comply with the May 27, 2008 Order. Plaintiff was required to respond to the Order to Show Cause

on or before December 3, 2008; however, he has failed to do so.²

**DISCUSSION**

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. Plaintiff was ordered to respond to the Order to Show Cause, but failed to do so within the required time frame. Additionally, there has been no request for an extension of time in which to file a response. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with the

---

²Plaintiff filed a "Notice of Void Order from Magistrate due to Fraud and Demand for Summary Judgment in Favor of Plaintiff" asserting that "the ORDER FROM MAGISTRATE dated November 19, 2008 is VOID DUE TO FRAUD" [docket #96]. The Court denied the request for summary judgment without prejudice for failure to comply with D.C. Colo. LCivR 56.1 [docket #98]. The Court finds that Plaintiff's "notice" is not a meaningful response to the Order to Show Cause.

May 27, 2008 Order, and failure to respond to this Court's order to show cause or to properly request an extension of time to respond, if he was unable to do so in a timely fashion. For these reasons alone, dismissal of this action against the Defendants is warranted.

## **CONCLUSION**

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I do hereby RECOMMEND that the District Court dismiss this case without prejudice for Plaintiff's failure to prosecute this action.

Dated this 10th day of December, 2008, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge